UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO CORRO ROJAS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, GOLDEN STATE ANNEX, *et al*.,<br><br>        Respondents. | Case No.  1:26-cv-03732   (VC)<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 4 |

This matter is before the Court on Petitioner Alfonso Corro Roja's Motion for a temporary restraining order. *See* Dkt. 4. Respondents have submitted a response, and Petitioner filed a reply. Dkt. 8, 9. For the reasons that follow, the motion is denied.

I.      **BACKGROUND**

Petitioner is a native and citizen of Mexico who entered the United States with legal permanent resident status on December 11, 1998. Dkt. 9-1 at 2. On April 17, 2024, Petitioner was convicted by the Napa County Superior Court for violation of Cal. Penal Code § 136.1(b)(1) and sentenced to one-year and four-months in prison. Dkt. 9-2 at 1. Petitioner completed this sentence and was released from the California Department of Corrections on May 2, 2026. *See* Dkt. 9-1.

Immediately following his release, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and issued a Notice to Appear charging him with being removable under Immigration and Nationality Act ("INA") section 212 and 237, as having been convicted of an aggravated felony as defined by section 101(a)(43)(S) of the INA. *Id*. at 1–2.

Petitioner was ordered removed by and Immigration Judge ("IJ") on May 15, 2026. *See* Dkt. 9-5. His deadline to appeal that decision is June 15, 2026. *Id*. As such, no final order of removal is in place. He has remained detained at the California City Detention Center for approximately one month.

## II.    DISCUSSION

Respondents contend that Petitioner's detention is permitted under 8 U.S.C. § 1226(c) because he was convicted of an offense "'relating to the obstruction of justice … for which the term of imprisonment is at least one year.'" Dkt. 9 at 3 (quoting 8 U.S.C. § 1101(a)(43)(S)). Petitioner makes two primary points in response to and in support of his motion for injunctive relief: (1) that his mandatory detention without a bond hearing violates due process, and (2) that he reserves the right to challenge whether he is properly subject to detention under § 1226(c). Dkt. 10-1 at 3–5. The Court finds that Petitioner has not shown a strong likelihood of success on the merits with respect to either his due process or statutory claim.

Turning first to Petitioner's due process claim, Petitioner has not shown that his one-month detention is so prolonged or indefinite that it warrants a bond hearing. Though the Court acknowledges that due process violations under § 1226(c) may arise where detention becomes unreasonably prolonged, Petitioner cites no authority suggesting that one-month in detention reaches this constitutional bar. *See Gonzalez Luengas v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-CV-00636-RBM-DDL, 2026 WL 807457, at *3 (S.D. Cal. Mar. 23, 2026) (finding 3-month detention under Section 1225 to be a constitutionally acceptable duration); *Santos C.M v. Warden*, No. 1:26-CV-03217-MWJS, 2026 WL 1508363, at *1 (E.D. Cal. May 29, 2026) (denying petition where detention under Section 1226(c) of five months was not unconstitutionally prolonged).

Turning next to Petitioner's statutory argument, the Court finds that Petitioner has not shown a strong likelihood of success on his claim that § 1226(c) is inapplicable. Under 8 U.S.C. § 1226(c)(1), "[t]he Attorney General shall take into custody any alien who … is deportable by reason of having committed" an aggravated felony. 8 U.S.C. § 1226(c)(1)(B) (incorporating 8

U.S.C. § 1227(a)(2)(A)(iii)). Aggravated felony is defined in 8 U.S.C. § 1101(a)(43)(S) to include offenses "relating to the obstruction of justice … for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(S). In *Godoy-Aguilar v. Garland* and *Cordero-Garcia v. Garland*, the Ninth Circuit held that Cal. Penal Code § 136.1(b)(1)—i.e., the statute Petitioner was convicted of—is a categorical match for 8 U.S.C. § 1101(a)(43)(S), commission of which renders an individual removable from the United States. 125 F.4th 985, 989–91 (9th Cir. 2025); 105 F.4th 1168, 1172–73 (9th Cir. 2024). Petitioner argues that he "reserves the right" to challenge "classification in the mandatory detention context" either before this Court or an IJ. Dkt. 11-1 at 5. That may be so, but Petitioner has not made a sufficient showing at this stage to warrant injunctive relief.

The Court therefore cannot conclude that Petitioner has raised "serious questions" going to the merits of his habeas claims, as it appears that 8 U.S.C. § 1226(c)(1) mandates his detention. Consequently, the Court declines to analyze the remaining *Winters* factors.

For the reasons explained above, Petitioner's motion for a temporary restraining order is denied. The parties are ordered to meet and confer and file a proposed schedule for briefing the merits of the habeas petition by June 12, 2026.

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____
VINCE CHHABRIA
United States District Judge

3