UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFONSO CORRO ROJAS,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al*.

Respondents.

Case No. 1:26-cv-03732 (VC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

The Court previously denied Petitioner Alfonso Corro Roja's motion for a temporary restraining order, finding that he had failed to show his detention under 8 U.S.C. § 1226(c) was unlawful, or had become unconstitutionally prolonged. *Corro Rojas v. Warden, Golden State Annex*, No. 1:26-CV-03732, at *1 (VC), 2026 WL 1656082 (E.D. Cal. June 8, 2026). The Court also ordered the parties to submit further briefing on the merits of the petition. Dkt. No. 14. Petitioner now argues that due process entitles him to a bond hearing given that his detention under § 1226(c) has reached six months and may proceed for several more months while his appeal of his removal order is considered by the BIA. Dkt. No. 17 at 4–6.

Section 1226(c) requires the Government to detain noncitizens who are in removal proceedings and convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1). Though the Supreme Court has found that § 1226(c) is facially constitutional, it has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c). *See Demore v. Kim*, 538 U.S. 510, 526 (2003). District courts have routinely found that unreasonably long detention periods under § 1226(c) without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D.

Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Courts in this Circuit have weighed the following factors to determine when prolonged detention pursuant to § 1226(c) violates due process, entitling the petitioner to a bond hearing: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [him] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7. Petitioner has not made a showing as to these factors.

Though Petitioner's nearly six months of detention is lengthy, and there is a possibility that it will continue as he pursues an appeal of his removal order, it has not yet exceeded the length of his criminal sentence, which lasted over one year. Dkt. No. 9-2 at 1. Additionally, he has not presented any evidence demonstrating that the reason for the delay in his removal proceedings was caused by the Government. Rather, his removal proceedings appear to have progressed in due course, with the immigration court entering an order of removal roughly two weeks after he was transferred to ICE custody. *See* EORI Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed on November 11, 2026). The fact that there is already a removal order in place further suggests that the removal proceedings will result in a final order of removal. Finally, Petitioner has not submitted any evidence regarding the conditions of his confinement. On this record, Petitioner's constitutional claim fails.

For the foregoing reasons, the petition is denied without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: November 23, 2026

VINCE CHHABRIA
United States District Judge